UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | | |
|---|---|---|
| WILLIAM CHARLES GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 22-067-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Charles Graham is a prisoner at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Graham recently filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth herein, the Court will deny Graham's Petition.

In 2020, Graham was convicted of multiple federal crimes, including interference with commerce by robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. *See United States v. William Charles Graham*, No. 0:19-cr-00185, at Rs. 259, 489 (D. Minn. 2020). The district court sentenced Graham to a total of 294 months in prison. *See id.* at R. 489. Graham then filed a direct appeal, but the United States Court of Appeals for the Eighth Circuit dismissed that appeal for failure to prosecute. *See id.* at R. 601. Graham also moved to vacate his sentence pursuant to 28 U.S.C. § 2255, and his motion remains pending with the United States District Court for the District of Minnesota. *See id.* at R. 616 (court order setting a briefing schedule).

Although Graham's § 2255 motion has not yet been resolved, he has gone ahead and filed multiple § 2241 petitions with this Court. [R. 1; *see also Graham v. Gilley*, No. 6:22-cv-00057-DLB (E.D. Ky. 2022)]. Like Graham's other filings with this Court, his present petition is difficult to follow, but he is clearly trying to assert multiple constitutional claims in an attempt to collaterally attack his underlying convictions. [*See* R. 1 at 8-13]. Indeed, Graham suggests that he is being held in violation of his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution. [*See id.*]. Ultimately, Graham asks for multiple forms of relief, including requesting that "bail . . . be granted" so that he is released from his present confinement. [*Id.* at 19].

Graham's latest petition, however, constitutes yet another an impermissible collateral attack on his underlying convictions. Although a federal prisoner may challenge the legality of his convictions on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Graham cannot use his § 2241 petition as a way of challenging his convictions.

It is true that there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that an intervening change in statutory law from the United States Supreme Court establishes his actual innocence. *See Wooten v. Cauley*, 677 F.3d

303, 307-08 (6th Cir. 2021). The Sixth Circuit has further explained that the prisoner "must show 'that he had no prior reasonable opportunity to'" present his arguments in his earlier § 2255 proceedings. *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Graham does not meet the foregoing requirements. In fact, Graham has not clearly identified *any* intervening change in statutory law, let alone a change that establishes his actual innocence. Instead, it appears that Graham is trying to litigate constitutional claims that he either could have asserted on direct appeal or could still pursue in his ongoing § 2255 proceedings. That is simply not proper in a § 2241 petition.

For the foregoing reasons, Graham petition constitutes an impermissible collateral attack on his underlying convictions. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

Accordingly, it is **ORDERED** that:

1. Graham's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 7th day of April, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge